UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT CUTLER, | ) | 3:14-cv-00376-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | September 5, 2014 |
| | ) | |
| COUNTY OF EUREKA, et al., | ) | **NOTICE OF REMITTAL** |
| | ) | **OF DISQUALIFICATION** |
| Defendants. | ) | |
| | ) | |

PRESENT:   THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN   REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Magistrate Judge William Cobb discloses that he was formerly a shareholder in the law firm which represents Defendants Eureka County and Kenneth Jones, i.e., Erickson, Thorpe & Swainston, Ltd. (the "Firm"). Defendants' counsel Rebecca Bruch, Esq., was a shareholder and Charity Felts, Esq., was an associate in the Firm at the time of Judge's Cobb's departure from the Firm in approximately September 2011. Judge Cobb, however, continues to be a beneficiary in the Erickson, Thorpe & Swainston, Ltd. Profit Sharing Plan, the trustees of which plan are John A. Aberasturi, John C. Boyden and Brent R. Ryman. To the best of Judge Cobb's knowledge, neither Ms. Bruch nor Ms. Felts is a trustee of the Plan.

Judge Cobb is bound by the Cannons of the Code of Conduct adopted by the Judicial Conference of the United States. Canon 3(C) states that a judge should disqualify him or herself in a proceeding in which the judge's impartiality might be reasonably questioned. However, according to Advisory Opinion No. 24, Committee on Codes of Conduct, absent other circumstances and generally speaking, after a passage of at least two years, the judge may preside over cases involving attorney's from the judge's former law firm. It has been three years since Judge Cobb practiced with Ms. Bruch and Ms. Felts.  Thus, the Code of Conduct would not necessarily preclude Judge Cobb from presiding over a case wherein Ms. Bruch and Ms. Felts are counsel of record.

MINUTES OF THE COURT
3:14-cv-00376-LRH-WGC
Date: September 5, 2014
Page 2

     According to § 3.3-2 of the Compendium of Selected Opinions, "a judge should recuse (subject to remittal) from cases handled by a former law firm that continues to manage the judge's pension and retirement accounts. * * *" Because of Judge Cobb's continued participation in the Firm's Profit Sharing Plan, Judge Cobb should recuse himself. However, that recusal is "Subject to Remittal." According to Canon 3D,

> "instead of withdrawing from the proceeding, a judge disqualified by Canon 3C(1) may...disclose on the record the basis of disqualification. The judge may participate in the proceeding if, after that disclosure, the parties and their lawyers have an opportunity to confer outside the presence of the judge, all agree in writing or on the record that the judge should not be disqualified, and the judge is then willing to participate. The agreement should be incorporated into the record."

     This Notice of Remittal of Disqualification affords the parties and their lawyers the opportunity to discuss whether they are willing to agree in writing that Judge Cobb should not be disqualified. If all parties and counsel agree Judge Cobb shall not be disqualified, they shall jointly file with the court a Notice to that effect. The Notice should be signed by the party as well as the party's attorney and filed with the court **not less than twenty (20) days** from the date of this order. If any of the lawyers or parties do not so agree, nothing shall be filed with the court by any party or lawyer, and after the passage of twenty days, Judge Cobb will recuse himself and the case will be re-assigned to another magistrate judge.

     **IT IS SO ORDERED.**

                            LANCE S. WILSON, CLERK

                         By:   /s/
                              Deputy Clerk